**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KADAFFI MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>AARON WILKINS AND<br>FLORIDA BEAUTY EXPRESS<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) | Case No. CIV-26-1584-D |

# ORDER

Before the Court is Defendant Florida Beauty Express' ("Florida Beauty") Motion for Partial Dismissal and Brief in Support. [Doc. No. 4]. Plaintiff Kadaffi Muhammad ("Mr. Muhammad") responded in opposition. [Doc. No. 8].[1] The time for reply has passed. Accordingly, the matter is at issue. For the reasons stated herein, Florida Beauty's Motion is granted in part and denied in part.

## BACKGROUND

This action arises out of injuries sustained by Mr. Muhammad in a semi-truck accident on February 10, 2026. Mr. Muhammad alleges Defendant Aaron Wilkins ("Mr. Wilkins") was driving a semi-truck, owned and/or supplied by Florida Beauty, when he rear-ended Mr. Muhammad causing injury. Florida Beauty "admits Defendant Wilkins was acting within the course and scope of his employment with Florida Beauty at the time of

---

[1] Mr. Muhammad provided several exhibits with his response. [*See* Doc. Nos. 1-1–1-8]. The Court declines to consider this extraneous information because the only issue before the Court is the sufficiency of Mr. Muhammad's Petition. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Doc. No. 4.

the incident at issue." [Doc. No. 4, fn. 1]. Mr. Muhammad alleges negligence and gross negligence against Mr. Wilkins. He also alleges Florida Beauty is vicariously liable for Defendant Wikins' actions under a theory of *respondeat superior*, and also brings claims of negligent hiring, training, monitoring, and supervision, and negligent entrustment. Mr. Muhammad is also seeking punitive damages.

Florida Beauty removed the action to this Court based on the existence of diversity jurisdiction. [Doc. No. 1]. Florida Beauty now seeks dismissal of Mr. Muhammad's claims of negligent hiring, training, monitoring, and supervision and negligent entrustment along with a request for punitive damages. *Id*. Florida Beauty asserts these claims, including punitive damages, are factually and legally defective and fail to meet the federal pleading standard. *Id*.

**STANDARD OF DECISION**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to Mr. Muhammad. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] formulaic recitation of the elements of a cause of action" does not provide grounds of a party's entitlement to relief. *Twombly*, 550 U.S. at 555.

## DISCUSSION

### I. Negligent hiring, training, monitoring, and supervision

Relying on *Jordan v. Cates*, 1997 OK 9, 935 P.2d 289, Florida Beauty requests this Court dismiss Mr. Muhammad's claim that Florida Beauty was negligent with regard to hiring, training, and supervising Mr. Wilkins. Florida Beauty asserts that these separate, direct liability claims, which are based on the employee-employer relationship, are superfluous because it already stipulated that Mr. Wilkins was acting within the scope of his employement.

In *Jordan*, a store visitor was involved in an altercation with an employee of the store. 935 P.2d at 291. The visitor alleged that during the altercation the employee assaulted and battered him. *Id*. He sought to recover against the store for its vicarious liability under the theory of *respondeat superior*. *Id*. Additionally, he brought separate claims directly against the store for negligent hiring and retention of the employee. *Id*.

Recognizing the required elements to confer *respondeat superior* liability, the employer stipulated that the altercation occurred while its employee was acting within the scope of his employment and that it would be liable for any damages awarded by the jury. *Id*. at 292. In light of this admission, the trial court granted summary judgment to the employer on the negligent hiring and retention claims. *Id*. The Oklahoma Supreme Court upheld the grant of summary judgment, concluding that:

> [T]he theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has not been established. In the case at bar, vicarious liability has been established through stipulation.... Our holding today is limited to those situations where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous. Because vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on employer.

*Id*. at 293.

Two years later, the Oklahoma Supreme Court reiterated this limitation on employer liability: although "[e]mployers may be held liable for negligence in hiring, supervising or retaining an employee[,] . . . th[is] theory of recovery is available if vicarious liability is not established." *N.H. v. Presbyterian Church (U.S.A.)*, 1999 OK 88, ¶ 20, 998 P.2d 592, 600.

Mr. Muhammad argues *Fox v. Mize*, 2018 OK 75, 428 P.3d 314, *as corrected* (Oct. 2, 2018) limited *Jordan* to its facts (*i.e.*, intentional torts) and therefore its holding is not applicable here. However, *Fox* did not overrule the holding in *Jordan* and it remains good law, and therefore, the Court must follow it.[2] Accordingly, Florida Beauty is correct that

---

[2] This Court has previously reached this conclusion. *See e.g., Sinclair v. Hembree & Hodgson Constr., L.L.C.*, No. CIV-18-938-D, 2020 WL 3965010 (W.D. Okla. July 13, 2020); *Schriner v. Gerard*, No. CIV-23-206-D, 2023 WL 3138026, at *2 (W.D. Okla. Apr. 27, 2023); *Taylor v. Juma*, No. CIV-23-132-D, 2025 WL 582565 (W.D. Okla. Feb. 21, 2025). Numerous judges in this district have also arrived at the same conclusion as well. *See, e.g.*, *CTC, Inc. v. Schneider Nat'l Inc.*, No. CIV-20-1235-F, 2021 WL 2295512, at *2 (W.D. Okla. June 4, 2021) (finding that defendant's stipulation to *respondeat superior* liability for any proven negligence of its employee "renders the other theories of liability referred to in the complaint—negligent training, retention and supervision—unnecessary"); *Gregory v. Lindamood Heavy Hauling, Inc.*, No. CIV-22-327-R, 2022 WL 2792203, at *3 (W.D. Okla. July 15, 2022) ("There is no dispute that [defendant-employer] stipulated that [defendant-employee] was acting within the course and scope of his (*continued*) employment at the time of the accident. Therefore, applying *Jordan*, the [c]ourt [dismisses] [p]laintiff's claims for negligent hiring, training, supervision, retention, and

separate negligent hiring, training, and supervision claims are superfluous here, where vicarious liability has been established through stipulation. For these reasons, Florida Beauty's motion to dismiss is granted as to Mr. Muhammad's negligent hiring, training, and supervision claims. Given this determination, the Court need not address Florida Beauty's argument regarding the factual sufficiency of these claims.

## II. Negligent entrustment

Florida Beauty argues Mr. Muhammad's negligent entrustment claim should be dismissed because there is "no factual basis to support the allegation that Florida Beauty knew of should have known Wilkins was an incompetent driver." [Doc. No. 4, p. 12].

Under Oklahoma law, liability for negligent entrustment of a motor vehicle lies when: (1) "a person who owns or has possession and control of an automobile allows another driver to operate the automobile," (2) "when the person knows or reasonably should know that the other driver is careless, reckless and incompetent," (3) "and an injury results therefrom." *Green v. Harris*, 2003 OK 55, ¶ 10, 70 P.3d 866, 869.

The Court finds the Petition contains minimally sufficient facts to state a plausible claim against Florida Beauty for negligent entrustment. Mr. Muhammad alleges that 1) Florida Beauty had control over the commercial motor vehicle and allowed Mr. Wilkins to

---

monitoring."); *Sykes v. Bergerhouse*, No. CIV-20-333-G, 2021 WL 966036, at *3 (W.D. Okla. Mar. 15, 2021) ("*Jordan* remains viable. . . . Accordingly, in light of [defendant-employer's] stipulation as to the employment and agency of its driver, [p]laintiff's direct-negligence claims do not plausibly show an entitlement to relief against [defendant employer] under Oklahoma law."); *Annesse v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019) ("Jordan has not been overruled. Thus, it still remains good law and, in applying Oklahoma law, this [c]ourt is bound to follow it."); *Shorter v. Singh*, No. CIV-25-548-G, 2026 WL 800759 (W.D. Okla. Mar. 23, 2026) (finding *Jordan* remains good law and is controlling in these situations.).

operate it [Doc. No. 1-1, ¶¶ 3–4, 6–7]; 2) had Florida Beauty performed a proper background check, as required, into Mr. Wilkin's driving history, Florida Beauty would have discovered Mr. Wilkins was unqualified to operate a commercial motor vehicle [Doc. No. 1-1, ¶ 27]; and 3) failure to do so resulted in injury [Doc. No. 1-1, ¶ 28]. Accordingly, Florida Beauty's motion to dismiss is denied as to Mr. Muhammad's negligent entrustment claim.

## III. Punitive damages

Florida Beauty argues Mr. Muhammad failed to allege sufficient facts to support a "punitive damages claim." [Doc. No. 4, pp. 11–12]. However, punitive damages are not an independent cause of action, but a form of relief dependent on Mr. Muhammad's other claims. *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011). A Rule 12(b)(6) motion tests the sufficiency of a claim; it is not a proper mechanism for challenging a request for punitive damages. *See Douglas v. Miller*, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012) ("[W]hether [punitive] damages are recoverable is not a proper subject for adjudication in a Rule 12(b)(6) motion, as the prayer for relief is not a part of the cause of action."). Accordingly, Florida Beauty's motion to dismiss Plaintiff's request for punitive damages is denied.

**IT IS THEREFORE ORDERED** that Defendant Florida Beauty Express' Motion to Dismiss [Doc. No. 4] is **GRANTED in part** and **DENIED in part** as set forth herein.

**IT IS SO ORDERED** this 13th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE